UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

**TIM WALDORF,**

    **Plaintiff,**

v.                                                         Case No. 24-CV-538

**STATE FARM FIRE AND
CASUALTY COMPANY,**

    **Defendant.**

---

### DECISION AND ORDER ON DEFENDANT'S MOTION TO STRIKE AND MOTION FOR PARTIAL SUMMARY JUDGMENT

---

Tim Waldorf sues State Farm Fire and Casualty Company for breach of contract and bad faith stemming from State Farm's denial of insurance coverage for damages allegedly caused to Waldorf's residence following a hailstorm. Waldorf's breach of contract claim was bifurcated from his bad faith claim in an Order dated June 27, 2024. (Docket # 16.) State Farm moves to strike the testimony of Aaron Brookens, one of Waldorf's expert witnesses, and for partial summary judgment relating to Brookens' testimony. (Docket # 21.) For the reasons further explained below, State Farm's motions to strike and for partial summary judgment are granted.

### FACTS

Waldorf purchased his residence in Slinger, Wisconsin in October 2011. (Def's Proposed Findings of Fact ("DPFOF") ¶ 1, Docket # 23 and Pl.'s Resp. to DPFOF ("Pl.'s Resp.") ¶ 1, Docket # 27.) On April 19, 2023, a hailstorm in the Slinger area allegedly

1

damaged Waldorf's residence. (*Id.* ¶ 3.) In July or August 2023, Waldorf came into contact with a roofing contractor from Weather Guard who purportedly performed an inspection of his roof and determined there was extensive hail damage requiring replacement of the roof. (*Id.* ¶ 4.) After Waldorf lost contact with Weather Guard, he began working with Brookens Construction. (*Id.* ¶ 5.)

Waldorf submitted a claim for hail damage to State Farm on August 8, 2023. (*Id.* ¶ 6.) On August 15, State Farm claims specialist Marcus Brinson inspected the property and determined there was no hail damage to the roofing shingles, to the roof vents, or to the siding. (*Id.* ¶¶ 7–8.) After the State Farm inspection, on September 29, 2023, Chuck Weber of Brookens Construction conducted his own inspection of the property. (*Id.* ¶ 9.) Weber concluded there was hail damage to the roof and metal siding on the corner posts, and his findings were drafted into a written report that was submitted to State Farm. (*Id.* ¶ 10.) A few days later, on October 2, Weber drafted an estimate for replacement of the roof for $20,008.99. (*Id.* ¶ 11.) State Farm retained engineer Taylor Baldwin to conduct a second inspection on February 13, 2024. (*Id.* ¶ 14.) Like Brinson, Baldwin concluded there was no hail damage to the roof, to the roof's shingles, or to the siding. (*Id.* ¶ 15.)

Waldorf filed the present lawsuit on March 28, 2024. (*Id.* ¶ 16.) The day prior, Waldorf's counsel requested an updated estimate from Weber. But due to Weber's relative inexperience, he asked either Aaron Brookens (CEO and founder of Brookens Construction) or Barry Lervik (Brookens Construction's sales manager) to provide the estimate. (*Id.* ¶¶ 17–18.) The estimate was ultimately prepared by Brookens, who determined the total cost to repair Waldorf's residence was $57,665.61. (*Id.* ¶ 22.) Brookens' estimate included a cost of

complete siding replacement in the amount of $32,500.77, while Weber's estimate for siding replacement was $64.49. (*Id.* ¶ 23.)

## APPLICABLE RULE

The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); *see also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986). "Material facts" are those under the applicable substantive law that "might affect the outcome of the suit." *See Anderson*, 477 U.S. at 248. The mere existence of some factual dispute does not defeat a summary judgment motion. A dispute over a "material fact" is "genuine" if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.*

In evaluating a motion for summary judgment, the court must draw all inferences in a light most favorable to the nonmovant. *Matsushita Electric Industrial Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). However, when the nonmovant is the party with the ultimate burden of proof at trial, that party retains its burden of producing evidence which would support a reasonable jury verdict. *Celotex Corp.*, 477 U.S. at 324. Evidence relied upon must be of a type that would be admissible at trial. *See Gunville v. Walker*, 583 F.3d 979, 985 (7th Cir. 2009). To survive summary judgment, a party cannot rely on his pleadings and "must set forth specific facts showing that there is a genuine issue for trial." *Anderson*, 477 U.S. at 248. "In short, 'summary judgment is appropriate if, on the record as a whole, a rational trier of fact could not find for the non-moving party.'" *Durkin v. Equifax Check Services, Inc.*, 406 F.3d 410, 414 (7th Cir. 2005) (citing *Turner v. J.V.D.B. & Assoc., Inc.*, 330 F.3d 991, 994 (7th Cir. 2003)).

3

## ANALYSIS

State Farm moves to strike Brookens' testimony because Waldorf failed to comply with the expert disclosure requirements of Fed. R. Civ. P. 26(a)(2)(B). As Waldorf's claim for complete siding replacement stems from Brookens' testimony, State Farm moves for partial summary judgment on that claim.[1] (Def.'s Br., Docket # 22.) The failure to disclose, State Farm asserts, was not justified or harmless. (*Id.* at 19–20.) Alternatively, State Farm moves to exclude the admission of Brookens' testimony under *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579 (1993).

Waldorf responds that Brookens was not specially retained to provide expert testimony in this litigation and therefore was not required to comply with the disclosure requirements of Rule 26(a)(2)(B). Rather, Waldorf maintains Brookens is a hybrid expert witness subject to the disclosure requirements of Rule 26(a)(2)(C). (Pl.'s Br. in Opp. at 2–7, Docket # 26.)

1. *Expert Disclosure Requirements*

Federal Rule of Civil Procedure 26 establishes two categories of expert witnesses for purposes of disclosure requirements. Rule 26(a)(2)(B) addresses witnesses who are retained or specially employed to provide expert testimony in the case or whose duties as the party's employee regularly involve giving expert testimony. These witnesses must provide a written report, prepared and signed by the witness, that includes the requirements set out in Rule 26(a)(2)(B)(i)-(vi). Experts, however, who fall outside of Rule 26(a)(2)(B), are subject to the more lenient disclosure obligations of Rule 26(a)(2)(C), needing only to disclose the subject

---

[1] State Farm acknowledges that Waldorf's claim for roof replacement contains disputed questions of material fact precluding summary judgment. (Def.'s Br. at 2.)

matter on which they are expected to present evidence and a summary of the facts and opinions to which they are expected to testify.

Whether an expert witness falls under the requirements of Rule 26(a)(2)(B) or Rule 26(a)(2)(C) depends "on the expert's relationship to the issues in the lawsuit and whether his or her relationship developed prior to the commencement of the lawsuit." *Mlsna v. Union Pac. R.R. Co.*, No. 18-CV-37-WMC, 2019 WL 316743, at *2 (W.D. Wis. Jan. 24, 2019) (internal quotation and citation omitted). "Where an expert witness has 'formed his opinions in the normal course of his work,' instead of being 'asked to reach an opinion in connection with specific litigation,' the expert is not subject to Rule 26(a)(2)(B)." *Id.* (internal citations omitted). Those hybrid expert witnesses falling under Rule 26(a)(2)(C) can only testify to personal knowledge they gained on the job. *Indianapolis Airport Auth. v. Travelers Prop. Casualty Co. of America*, 849 F.3d 355, 371 (7th Cir. 2017). Nor are they permitted to provide opinions on information learned solely through litigation. *Id.*

Here, the question is whether Brookens is subject to Rule 26(a)(2)(B) or Rule 26(a)(2)(C). State Farm contends Brookens is a retained expert because he was not involved in the underlying claim until the day before the suit was filed when Waldorf's counsel requested an estimate from Weber, the original contractor on the claim. Weber, in turn, requested for either Brookens or Lervik to provide the estimate because he did not have much experience with Xactimate. (Deposition of Chuck Weber ("Weber Dep.") at 66–67, Docket # 24-1.) State Farm relies on the timing of the Brookens' estimate—the day before suit was filed—to assert the estimate was specifically created to be used in litigation; therefore, Brookens is a retained expert. And because Brookens did not comply with the retained expert disclosure requirements of Rule 26(a)(2)(B), his testimony should be stricken.

5

Waldorf argues Brookens is a hybrid expert witness under Rule 26(a)(2)(C) because his drafting of the estimate and his company's involvement in the underlying claim predates the lawsuit. (Pl.'s Br. in Opp. at 5–6.) Waldorf also challenges State Farm's position that the Brookens' estimate was created for litigation. From Waldorf's perspective, the estimate was merely requested because an updated estimate was needed for the file and because Weber's estimate was not shared with State Farm. (Pl.'s Resp. to DPFOF ¶ 17.) Waldorf further argues the absence of a contractual agreement or financial arrangement between Brookens and counsel indicate he is not a retained expert. (Pl.'s Br. in Opp. at 5.)

I agree with State Farm and find Brookens more closely resembles a retained expert under Rule 26(a)(2)(B). To begin, Brookens did not have firsthand knowledge of the underlying facts of the claim as Waldorf argues; Weber did. Weber conducted the initial inspection in September 2023 and his estimate was drafted a few days later. (DPFOF ¶¶ 10, 11 and Pl.'s Resp. ¶¶ 10, 11.) Brookens, in contrast, did not personally inspect the property and based his opinion on the report and photos provided by Weber. *See Village of Bondville v. Windstream Corp.*, 2015 WL 13608437, at *4 (C.D. Ill. Apr. 13, 2015) ("Forming an opinion based on a review of documents and invoices after the fact is the province of a retained expert witness under Rule 26(a)(2)(B)."); *United States v. Sierra Pacific Indus.*, 2011 WL 2119078, at *4 (E.D. Cal. May 26, 2011) ("The distinguishing characteristic between expert opinions that require a report and those that do not is whether the opinion is based on information the expert witness acquired through percipient observations or whether, as in the case of retained experts, the opinion is based on information provided by others or in a manner other than being a percipient witness to the events in issue."). Brookens' opinions, therefore, were not

formed through his own observations but at the request of Waldorf's counsel and in connection with litigation.

Further, Brookens stated that he understood the estimate was being requested because counsel was filing a lawsuit. (Deposition of Aaron Brookens ("Brookens Dep.") at 35, 37, Docket # 24-4.) While Waldorf disputes the primary reason the estimate was requested, Weber also seemed to believe the estimate was connected to litigation, as his claim notes state, "Is is (*sic*) possible one of you guys write an estimate for this one. Ryan Graf (*sic*) [Waldorf's counsel] said he is filing suit tomorrow." (Docket # 24-5.) Because hybrid expert witnesses may not "testify to any opinions reached for the first time at the prompting of plaintiff's counsel or in conjunction with the lawsuit," Brookens was acting as a retained expert subject to the disclosure requirements of Rule 26(a)(2)(B). *Mlnsa*, 2019 WL 316743, at *2.

The fact that Brookens is not being provided monetary compensation for his services is also not dispositive. *Brainstorm Interactive, Inc. v. Sch. Specialty, Inc.*, 2014 WL 5817327, at *3 (W.D. Wis. Nov. 10, 2014). Rather, the "key factor" is how plaintiff's counsel "initially formed a relationship with the witness." *Id.* (citation and internal quotation omitted). Brookens' involvement with the Waldorf claim began when he was asked to produce an updated estimate the day before suit was filed. As such, Brookens was "retained" with the meaning of Rule 26(a)(2)(B).

2. *Rule 37 Sanctions*

State Farm contends the failure to comply with Rule 26(a)(2) should result in the exclusion of Brookens' testimony and opinion that the siding of Waldorf's residence needs complete replacement. (Def.'s Br. at 20–23.) "[T]he sanction of exclusion is automatic and mandatory unless the sanctioned party can show that its violation of Rule 26(a) was either

7

justified or harmless." *Salgado by Salgado v. Gen. Motors Corp.*, 150 F.3d 735, 742 (7th Cir. 1998). In determining whether the failure to disclose is justified or harmless, courts consider 1) prejudice or surprise to the opposing party; 2) that party's ability to cure the prejudice; 3) likelihood of disruption to trial; and 4) whether the offending party acted in bad faith in failing to disclose. *Kugler v. Scott*, 2025 WL 2759537, at *2 (7th Cir. Sept. 29, 2025) (citing *David v. Caterpillar, Inc.*, 324 F.3d 851, 856–58 (7th Cir. 2003)).

Waldorf does not argue that the failure to provide an expert report was harmless or justified. Instead, he maintains that because Brookens is a hybrid expert he was only required to disclose the subject matter of his testimony and a summary of his facts and opinions under Rule 26(a)(2)(C). (Pl.'s Br. at 6–7.) However, given my determination that Brookens is a retained expert subject to the requirements of Rule 26(a)(2)(B), Waldorf's argument that he need only comply with Rule 26(a)(2)(C) fails. The issue, then, is whether Waldorf's failure to disclose Brookens as an expert was justified or harmless, thus excusing his failure to comply with Rule 26(a)(2)(B). I find Waldorf's failure to disclose Brookens as an expert was neither justified nor harmless.

Again, Waldorf provides no justification for his failure to comply with Rule 26(a)(2)(B) beyond his contention that Brookens does not fall under this standard. But a "misunderstanding of the law does not equate to a substantial justification for failing to comply with the disclosure deadline." *Musser v. Gentiva Health Servs.*, 356 F.3d 751, 758 (7th Cir. 2004). And the nature of Brookens' involvement in providing an estimate, as well as the nature of his opinions, belies the notion that Waldorf reasonably believed Brookens was not subject to Rule 26(a)(2)(B). It was Weber, not Brookens, who inspected the residence for damage and provided an estimate based on what he observed firsthand. And in doing so, he

8

estimated damages to the siding in the amount of $64.49. While characterized as merely an "update" to Weber's estimate, what Brookens provided was a wholly new opinion—that the hailstorm necessitated repairs to the siding in the amount of $32,500.77. While Waldorf's expert disclosures included Brookens' notes and annotations to Weber's photographs, this provides little to no explanation as to why, in this particular case, Brookens believes the flashing could not be replaced without replacing the entirety of the siding. Such testimony as Brookens' offers on causation and damages in this case is clearly the province of a retained expert witness. There is simply no justification for why Waldorf failed to comply with Rule 26(a)(2)(B).

Furthermore, Waldorf's failure is not harmless. State Farm did not learn the basis of Brookens' opinions until his January 31, 2025 deposition. And even then, Brookens acknowledged that even though the step flashing "typically" needs to be replaced when replacing the shingles, there "is a chance that when those shingles come off, that step flashing is in great condition . . . and it doesn't need to be replaced. That is a possibility." (Brookens Dep. at 54.) Brookens further testified that there was no way to know the condition of the flashing without removing the shingles, which he did not do. (*Id.*) In other words, less than two months before the close of discovery, Waldorf injected into the case a new damages theory that would necessitate State Farm retaining its own, additional expert.

While State Farm certainly could have requested additional time to retain its own expert to rebut Brookens' opinion, it should not have to. As the Seventh Circuit has explained:

> The purpose of Rule 26(a)(2) is to provide notice to opposing counsel—before the deposition—as to what the expert witness will testify, *see Sherrod v. Lingle*, 223 F.3d 605, 613 (7th Cir. 2000); *Salgado v. General Motors Corp.*, 150 F.3d 735, 741 n.6 (7th Cir.1998), and this purpose would be completely undermined if parties were allowed to cure deficient reports with later deposition testimony.

9

> Allowing parties to cure a deficient report with later depositions would further undermine a primary goal of Rule 26(a)(2): "to shorten or decrease the need for expert depositions." *Salgado*, 150 F.3d at 741 n.6. After all, the parties' need for expert depositions would increase if they could use deposition testimony to provide information they should have initially included in their Rule 26(a)(2) report. *See id*.

*Ciomber v. Coop. Plus, Inc.*, 527 F.3d 635, 642 (7th Cir. 2008). There is no reason why Waldorf failed to comply with Rule 26(a)(2)(B) in the first instance.

I therefore conclude the failure to comply with Rule 26(a)(2)(B) and to disclose Brookens' opinion regarding the siding replacement was not harmless or justified. Though a trial date has not been set, discovery closed in March and the dispositive motions deadline expired in May. Thus, exclusion of Brookens' testimony is an appropriate sanction in this case.

## CONCLUSION

Brookens opined that Waldorf's residence requires complete siding replacement to repair the hail damages. Waldorf's expert disclosures regarding Brookens, however, failed to comply with the expert disclosure requirements of Rule 26(a)(2)(B). Brookens' testimony is therefore stricken. Without Brookens' testimony, there is no opinion supporting Waldorf's claim for complete siding replacement. Summary judgment in favor of State Farm on Waldorf's claim for complete siding replacement is therefore appropriate.

## ORDER

**NOW, THEREFORE, IT IS HEREBY ORDERED** that Defendant's Motion to Strike and for Partial Summary Judgment (Docket # 21) is **GRANTED**. The Clerk of Court will contact the parties to set a scheduling conference to discuss scheduling this matter for trial.

10

Dated at Milwaukee, Wisconsin this 23rd day of October, 2025.

BY THE COURT

_____
NANCY JOSEPH
United States Magistrate Judge